**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

**Securities Investor Protection Corporation, Applicant,**

**v.**

**GLENDALE SECURITIES CORPORATION et al., Defendants.**

**No. 73–C–756.**

United States District Court, E. D. New York.

Jan. 15, 1974.

Chester B. Salomon, New York City (Rosen, Wise, Felzen & Salomon, New York City, of counsel), for the Trustee Brian P. McNulty and for Rosen, Wise, Felzen and Salomon.

Martin Condon, New York City, for Securities Investor Protection Corp.

## MEMORANDUM and ORDER

DOOLING, District Judge.

In this proceeding under the Securities Investor Protection Act of 1970 (15 U.S.C. § 78aaa et seq.), the applications of the trustee and counsel for interim allowances are unopposed. There is no question that the work required of applicants has been diligently pursued and efficiently carried out. There have been a number of frustrating blocks to speedy accomplishment of some of the specific goals of the trustee and counsel, and it is increasingly doubtful that asset recovery activities can be expected to produce rich results. It is becoming apparent that the property under administration cannot be expected to be very great in ultimate total value, and, nevertheless, the tasks of administration have been serious, time-consuming, and, in general, necessary. The time records submitted with the applications bear out the time-spent representations in the applications, and there appears to be little or no soft-time in the record, although SIPC notes indications of conscientious overdoing, always a difficult matter to measure.

The nature of the case, perhaps of any matter under the statute, is such that the Court is not intimately exposed to the legal problems that administration actually presents and that account for the greatest part of the time expended. Much must be taken on faith, and great reliance must be placed on the views expressed by SIPC and its counsel, and on the presence as a quasi-party of the SEC. Particularly is that so in such a case as the present one in which the allowance claims justified by time expended and the quality of effort exerted must produce a total that, when added to the necessarily high cost of retained accounting services, is undeniably large in terms of assets, valid claims, and, even, of invalid and contested claims, and, more especially, when thought is given to the future allowance claims that must accrue. While substantially all that is said in SIPC v. Charisma Sec. Corp., S. D.N.Y.1972, 352 F.Supp. 302, must command assent, it is evident that in such a case as the present one intervention under the Act has been necessary and remedial in more than simply bringing to the situation financial protection and support, and the assistance of orderly administration armed with statutory safeguards against races of diligence and the other threats of inequitable distribution and destructive liquidation that beset distressed securities dealers. The quasi-public service required in this unfortunate type of case, reflecting a public interest that required attention and loyal service (see Charisma, supra, 352 F.Supp. at 306), must be given special emphasis over the money results potentially achievable. Given the statutory frame-work and the purposes of the Act, it cannot operate as intended unless trustees and their counsel are adequately compensated for work necessarily done in an efficient manner. By these standards the interim allowances in the amounts recommended by SIPC and assented to by the trustee and his counsel are approved as interim allowances on the basis that, at the completion of the proceeding, the final allowances to be made in respect of the period to August 31, 1973, covered by the present interim allowances will be determined in the

perspective of the final review of the conduct of the entire proceeding.

It is, accordingly,

Ordered that the applications of the trustee and counsel for allowances of interim compensation for services rendered from May 25, 1973, to August 31, 1973, are granted to the extent that Brian P. McNulty as Trustee is allowed $14,500.00 and Messrs. Rosen, Wise, Felzen & Salomon as counsel to the Trustee are allowed $11,500.00 plus incurred disbursements of $534.55, and Securities Investor Protection Corporation is authorized and directed to advance sufficient funds to pay such amounts as administrative costs and expenses of the proceeding.